92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Andrew C. STASH, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 96-3116.
 United States Court of Appeals, Federal Circuit.
 July 11, 1996.
 
 Before ARCHER, Chief Judge, NEWMAN and LOURIE, Circuit Judges.
 NEWMAN, Circuit Judge.
 
 
 1
 Andrew C. Stash appeals the final decision of the Merit Systems Protection Board, Docket No. PH0752950339-I-1, affirming his 30-day suspension by the Department of the Army based on charges stemming from Mr. Stash's departure from his temporary duty assignment as originally scheduled despite last-minute notice of an extension of the assignment. We reverse.
 
 BACKGROUND
 
 2
 Mr. Stash is employed as a WG-10 Sheetmetal Mechanic at the Tobyhanna Army Depot in Tobyhanna, Pennsylvania. On May 3, 1994 he received orders for a temporary duty assignment in Germany that was to last from May 9, 1994 until June 9, 1994. He travelled to Germany as scheduled and performed the assignment without incident. On June 7, 1994 Mr. Stash was relieved of his duty, preparatory to his return to the United States. He relinquished his tools to his replacement and left the job site as scheduled. On June 7, 1994 Mr. Stash talked to his wife in the United States and learned that she was scheduled for surgery on June 8, 1994. Unknown to Mr. Stash, his supervisors visited the job site that day and decided to extend his assignment until no later than June 30, 1994.
 
 
 3
 The supervisors apparently were unsuccessful in reaching Mr. Stash to notify him of the extension of his assignment. Finally Mr. William Zimmie went to the Frankfurt, Germany airport, for Mr. Stash's scheduled departure on the morning of June 9, 1994. Mr. Zimmie showed Mr. Stash a memorandum signed by Leonard F. Benzi, Chief of the Industrial Support Division at the Tobyhanna depot. The memorandum, although apparently not an official order, stated: "Because of mission requirements and Depot commitments, your current temporary duty assignment has been extended not to exceed 30 June 1994." Mr. Stash explained to Mr. Zimmie that his wife was experiencing a medical emergency that required his return to the United States as planned, and declined to return to the job site, knowing that his scheduled departure was imminent. After arriving home he returned to his scheduled position in Pennsylvania, where he was informed that the agency had marked him AWOL for June 9. He was not asked to return to Germany.
 
 
 4
 After a hearing the agency suspended Mr. Stash for 30 days based on charges of failure to complete a temporary duty assignment, insubordination, absence without approved leave, and conduct unbecoming a Federal employee. All the charges stemmed from Mr. Stash's airport decision to depart Germany on the scheduled date. Mr. Stash appealed the suspension to the MSPB, which affirmed the agency's action. This appeal followed.
 
 DISCUSSION
 
 5
 Mr. Stash states that he was not guilty of the charges, and that under the circumstances that prevailed the notice of extension of his temporary duty assignment was not an order that he was required to obey. He states that the 30-day suspension is unduly harsh.
 
 
 6
 We must affirm a decision of the MSPB unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).
 
 
 7
 Insubordination is a willful and intentional refusal to obey an authorized order of a superior officer, which the officer is entitled to have obeyed. Phillips v. General Servs. Admin., 878 F.2d 370, 373 (Fed.Cir.1989). Mr. Stash does not deny that he did not obey the order to extend his work in Germany, brought to him at the airport on the morning of June 9, 1994. He argues that insufficient notice of the extension of his temporary duty assignment made the order one that was not entitled to be obeyed, especially in light of his wife's medical condition and the surrounding circumstances.
 
 
 8
 The administrative judge reviewed the evidence, finding that the agency had the right to extend Mr. Stash's temporary duty assignment unilaterally, whether or not he agreed to the extension, and thus was entitled to have the order obeyed even if he deemed it to be unreasonable or personally inconvenient. The general rule is that, absent extraordinary circumstances, an employee should comply with an order and later file a complaint or protest. Wiggins v. National Gallery of Art, 980 F.2d 1436, 1438 (Fed.Cir.1992). However, it is not disputed that there were extraordinary circumstances in this case. Mr. Stash, worried about his wife's surgery the previous day, was at the airport to return home, when intercepted and told he must remain. Mr. Stash told Mr. Zimmie of his family medical emergency. The record confirms that Mrs. Stash underwent surgery on June 8, 1994. In the face of these extraordinary circumstances, Mr. Stash's reaction to this order can not be considered insubordinate.
 
 
 9
 The agency now argues that if Mrs. Stash was in dire physical and emotional condition, then Mr. Stash should have requested an early departure from his temporary duty assignment on June 7, 1994. However, Mr. Stash knew that he was scheduled to return to the United States on June 9, and had a plane ticket for that day. Had he been given adequate notice of the extension, perhaps some other arrangement might have been made. If there was fault, it was not only on the part of Mr. Stash, but also on the part of the agency.
 
 
 10
 To hold Mr. Stash AWOL in Germany while he was travelling home, it is necessary to show that he was required to remain in Germany, although his assigned tour was completed. This charge, along with the charge of failure to complete a temporary duty assignment, was not properly sustained. Mr. Stash successfully completed the assignment as scheduled from May 9, 1994 to June 9, 1994. It is clear that his presence was not deemed indispensable, for he was not asked to return to Germany if family circumstances permitted.
 
 
 11
 The administrative judge also found that the agency established its charge of conduct unbecoming a federal employee. According to the administrative judge, Mr. Stash's departure after being ordered to remain in Germany compromised the project that was due to be completed by June 30, 1994, potentially impacting relations between Germany and the United States. It is inconceivable that the success of the project depended on one sheetmetal mechanic who left the site as scheduled, after transferring his tools to his replacement, and was not asked to return to the site.
 
 
 12
 There is not substantial evidence in the record to support the charges against Mr. Stash. Thus we reverse the Board's decision sustaining the suspension.